FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 MAR 29  PM 4: 31

LORETTA G. WHYTE
         CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **HERMAN SMITH,** | * | **CIVIL ACTION NO. 04-CV-1777** |
| | * | |
| **Plaintiff,** | * | |
| **VERSUS** | * | **JUDGE VANCE** |
| | * | |
| **COVENANT HOUSE** | * | **MAGISTRATE JUDGE WILKINSON** |
| | * | |
| **Defendant.** | * | |
| | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## MOTION TO DISMISS

NOW COMES Defendant, Covenant House New Orleans (hereinafter "Covenant House") who, pursuant to Federal Rules of Civil Procedure 41 and 37 respectfully requests the court dismiss this action with prejudice due to Plaintiff's continued failure to respond to discovery and his failure to comply with the court's order that Plaintiff respond to Defendant's discovery. The sanction of dismissal with prejudice is appropriate when there is a clear record of delay or contumacious conduct by the plaintiff, and that a lesser sanction would not better serve the best interests of justice. Defendant submits both criteria are satisfied here.

Alternatively, Defendant requests pursuant to Federal Rule of Civil Procedure 37 that Plaintiff be ordered to provide responses to written discovery, failing which the case will be dismissed, and be ordered to appear for a deposition on a date set by the court. In conjunction with this request, Defendant asks that the pre-trial schedule in this matter be upset so that



1

Defendant will not be prejudiced by Plaintiff's failure to respond to discovery and will have adequate time to conduct additional discovery and prepare for trial. Finally, Defendant requests it be awarded its reasonable attorney's fees and costs associated with the preparation of this motion.

    Done this 29th day of March, 2005.

*[signature]*

EDWARD F. HAROLD, T.A.
Louisiana Bar No. 21672
A. KEVIN TROUTMAN
Louisiana Bar No. 27668
FISHER & PHILLIPS LLP
201 St. Charles Avenue, Suite 3710
New Orleans, Louisiana 70170
Telephone: (504) 522-3303
Facsimile: (504) 529-3850

**ATTORNEYS FOR DEFENDANT,
COVENANT HOUSE NEW ORLEANS**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **HERMAN SMITH,** | * | **CIVIL ACTION NO. 04-CV-1777** |
| | * | |
| **Plaintiff,** | * | |
| **VERSUS** | * | **JUDGE VANCE** |
| | * | |
| **COVENANT HOUSE** | * | **MAGISTRATE JUDGE WILKINSON** |
| | * | |
| **Defendant.** | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## CERTIFICATE OF SERVICE

I, A. Kevin Troutman, do hereby certify that I have on this 29th day of March, 2005, caused a true and correct copy of Defendant's Motion to Dismiss, Memorandum in Support, Notice of Hearing and proposed Order to be served upon the following by prepaid United States Mail:

Edwin M. Shorty, Jr.
Edwin M. Shorty, Jr. & Associates
4116 Old Gentilly Road, Suite 101
New Orleans, Louisiana 70126

_____
A. KEVIN TROUTMAN

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| HERMAN SMITH, | * | CIVIL ACTION NO. 04-CV-1777 |
| | * | |
| Plaintiff, | * | |
| VERSUS | * | JUDGE VANCE |
| | * | |
| COVENANT HOUSE | * | MAGISTRATE JUDGE WILKINSON |
| | * | |
| Defendant. | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## ORDER

Considering the foregoing Motion to Dismiss,

IT IS ORDERED, that Defendant Covenant House New Orleans' Motion to Dismiss be and is hereby GRANTED, and that this matter is dismissed with prejudice.

IT IS FURTHER ORDERED that Defendant is awarded its costs and attorney's fees associated with the preparation of the foregoing motion.

New Orleans, Louisiana, this _____ day of _____, 2005.

_____
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **HERMAN SMITH,** | * | **CIVIL ACTION NO. 04-CV-1777** |
| | * | |
| Plaintiff, | * | |
| **VERSUS** | * | **JUDGE VANCE** |
| | * | |
| **COVENANT HOUSE** | * | **MAGISTRATE JUDGE WILKINSON** |
| | * | |
| Defendant. | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

Defendant, Covenant House New Orleans ("Covenant House"), through undersigned counsel, files this Memorandum in Support of its Motion to Dismiss. For the following reasons, Defendant's Motion should be granted.

### Background

Plaintiff filed this employment lawsuit alleging interference with his rights under the Family and Medical Leave Act of 1993 (FMLA) on June 25, 2004. Covenant House Answered timely and served its Rule 26 Disclosures on October 13, 2004. The Scheduling Conference occurred on October 21, 2004. During this period and the ensuing weeks, Defendant repeatedly corresponded with and/or conferred by telephone with Plaintiff's Counsel regarding the

possibility of an early settlement and Plaintiff's obligations under Rule 26 of the Federal Rules of Civil Procedure.

Covenant House sent letters on October 14, November 4 and December 17, asking Plaintiff to fulfill his Rule 26 responsibilities. (Exhibit 1.) On December 20, Defendant served its First Request for Production of Documents and First Set of Interrogatories and Requests for Admissions. (Exhibit 2.) On December 28, after receiving no responses to its requests for dates to depose Plaintiff, Covenant House noticed his deposition for February 3, 2005. (Exhibit 3.)

On January 31, undersigned counsel explained that it could be necessary to reschedule Plaintiff's February 3 deposition because he still had received neither Plaintiff's Rule 26 Disclosures nor responses to Defendant's written Discovery. (Exhibit 4.) On February 1, the parties conferred and rescheduled Plaintiff's deposition for February 23, contingent upon timely fulfillment of Plaintiff's disclosure and discovery obligations. Undersigned counsel finally received Plaintiff's Rule 26 Disclosures on February 1[1] and Plaintiff's Counsel agreed to provide responses to Defendant's written discovery by February 9, 2005. (Exhibit 5.) Nevertheless, on February 18, Covenant House was again forced to postpone Plaintiff's deposition because it still had not received responses to its written discovery. (Exhibit 6.)

On March 9, pursuant to Defendant's Motion to Compel and For Sanctions, Mag. Judge Wilkinson directed Plaintiff to respond fully to all outstanding discovery within ten (10) days of entry of his order and to pay Covenant House $300 in attorney's fees for his complete failure to respond to Defendant's discovery.[2] (Exhibit 7.) Defendant subsequently re-noticed Plaintiff's

---

[1] Plaintiff's Certificate of Service reflects that he served Rule 26 Disclosures on December 21, 2004. Although it did not receive these Disclosures until February 1, 2005, Defendant does not dispute that Plaintiff's Counsel attempted to serve them as he indicated. In either case, Plaintiff did not come close to fulfilling his Disclosure obligations in a timely manner.
[2] Defendant received some responses to its written discovery on March 9, but they were not signed. (Exhibit 8.) Moreover, the substance of many responses was completely inadequate. (Exhibit 9.)

2

deposition to be taken on March 31, but had to cancel it once again because Plaintiff has not complied with Judge Wilkinson's order. (Exhibits 10-11.)

Trial of this matter is set to begin on July 25, 2005 and the deadline for filing dispositive motions is May 24, 2005.

**Law and Argument**

**A.     Dismissal For Failure to Prosecute Pursuant to FRCP 41**

Federal Rule of Civil Procedure 41(b) provides "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant." The Fifth Circuit has held that Fed. R. Civ. P. 41 provides the Court with inherent power to dismiss an action with prejudice for a plaintiff's failure to prosecute. *Aucoin v. K-Mart,* 943 F.2d 6 (5th Cir. 1991)(failure to appear at scheduling conference). The parameters for assessing dismissal under Rule 41(b) are:

> We have repeatedly recognized, however, that a dismissal with prejudice for failure to prosecute is an extreme sanction which is to be used only when the "plaintiff's conduct has threatened the integrity of the judicial process [in a way which] leav[es] the court no choice but to deny that plaintiff its benefits." Therefore, under our abuse of discretion review, we have consistently refused to permit a court to impose this sanction unless the history of a particular case discloses both (1) a clear record of delay or contumacious conduct by the plaintiff, and (2) that a lesser sanction would not better serve the best interests of justice. Moreover, because of our reluctance to visit such a harsh sanction upon a party solely because of the sins of his counsel, in close cases we have often looked for proof of one of the following "aggravating factors" -- (1) the plaintiff's personal contribution to the delay, (2) the defendant's actual prejudice because of the delay, and (3) delay that can be characterized as intentional.

*McNeal v. Papasan,* 842 F.2d 787, 790 (5th Cir. 1988)(citations omitted). Defendant submits that these standards are met here.

3

First, there is a clear record of delay. Plaintiff unreasonably procrastinated in providing his Rule 26 disclosures, utterly failed to respond to written discovery, failed to comply with the court's order requiring answers to that discovery and has now caused his properly noticed deposition to be cancelled three times. Second, the court's prior sanction of attorney's fees in conjunction with Defendant's Motion to Compel has still not spurred Plaintiff to action. To the contrary, since the court imposed that sanction, Plaintiff has done nothing to participate in this case. While this is not a close case warranting consideration of the aggravating factors, Defendant has been substantially prejudiced by the delays in this case incurring "*unnecessary time, expense, and anguish.*" *Riggs v. City of Pearland,* 177 F.R.D. 395, 402 (S.D. Tex. 1997).

**B.     Severe Sanctions Are Warranted Under FRCP 37**

Federal Rule of Civil Procedure 37(b)(2) provides that when a party fails to comply with a court order relating to discovery, the court may enter such sanctions against a party as are just.[3] Pursuant to Rule 37(d), the court may sanction a party for failing to respond to written discovery.

Plaintiff has offered absolutely no reason for his failures to respond to discovery or his failure to comply with the court's order. Even after undersigned counsel called upon him to do so on March 8, Plaintiff's Counsel failed to address the substantive inadequacies in his responses and did not even complete the fundamental step of signing Plaintiff's responses. (See Exhibit 9.) If Plaintiff has no interest in participating in the case he filed, it should be dismissed.

The Fifth Circuit has set out four factors to be considered in determining whether an action should be dismissed under Rule 37.

> First we have explained that "dismissal with prejudice typically is appropriate only if the refusal to comply results from willfulness or

---

[3] The Fifth Circuit has affirmed the sanction of dismissal with prejudice where a party has refused to comply with a court order compelling discovery. *Truck Treads Inc v Armstrong Rubber Co*, 818 F.2d 447 (5th Cir. 1987); *Technical Chemical Co v Ig-Lo Products Corp*, 812 F.2d 222 (5th Cir. 1987). *See also Wyatt v Morial*, 1999 WL 345500 (E D La.)

> bad faith and is accompanied by a clear record of delay or contumacious conduct." Further, we have noted that the violation of the discovery order must be attributable to the client instead of the attorney. We have also held that the violating party's misconduct "must substantially prejudice the opposing party." Finally, we have indicated that dismissal is usually improper if a less drastic sanction would substantially achieve the desired deterrent effect.

As noted above, there is a clear record of delay in this case and Defendant has been prejudiced by it. The sanctions awarded by the court in conjunction with Defendant's Motion to Compel have not had the effect of causing Plaintiff to participate in this case and it appears unlikely that a monetary sanction will spur Plaintiff to action.

Defendant is unable to address whether the violations here are of Plaintiff's or of his counsel's doing. It is possible that Plaintiff is personally unaware of the relevant circumstances and Defendant is cognizant that the court may need to examine this factor. It is submitted the Court is in the best position to order Plaintiff and his counsel to appear before it for the purpose of determining responsibility. Defendant, however, continues to be prejudiced by Plaintiff's non-responsiveness to its efforts to obtain the information it needs to present its defense.

Should the court conclude that dismissal is not appropriate, sanctions are clearly warranted. First, because Plaintiff has now ignored one order to respond to discovery, the Court should again order Plaintiff to respond, this time with dismissal as the penalty for failing to comply. Additionally, the Court should order Plaintiff to appear for a deposition on a date certain, again subjecting his case to dismissal should he fail to appear. The court should also order Plaintiff and/or his counsel to pay Defendant its fees and costs incurred in the preparation of this motion.

Finally, the scheduling order in this case establishes a discovery cutoff of June 14, 2005 and deadline of May 24, 2005, to file dispositive motions. After exploring the possibility of an

5

early settlement, Defendant propounded its discovery requests in December for the purpose of giving it sufficient time to fully investigate this matter based on the discovery responses and to have all discovery completed within the applicable deadlines. There is now little possibility that Defendant can perform necessary discovery in time to file its anticipated motion for summary judgment by May 24 or to complete all necessary discovery by June 14.

Should the court not dismiss this case, it should upset the scheduling order to allow Defendant an appropriate amount of time to conduct discovery and prepare its defense.

## Conclusion

Wherefore, Defendant respectfully requests this motion be granted and Plaintiff's claims against it be dismissed with prejudice. Alternatively, Defendant prays the Court order Plaintiff to respond to Defendant's written discovery failing which the case will be dismissed, order Plaintiff to appear for a deposition on a date certain failing which the case will be dismissed, order Plaintiff to pay Defendant's fees and costs associated with bringing this motion and upset the scheduling order to provide Defendant with adequate time to prepare for trial.

Done this 29th day of March, 2005.

_____
EDWARD F. HAROLD, T.A.
Louisiana Bar No. 21672
A. KEVIN TROUTMAN
Louisiana Bar No. 27668
FISHER & PHILLIPS LLP
201 St. Charles Avenue, Suite 3710
New Orleans, Louisiana 70170
Telephone: (504) 522-3303
Facsimile: (504) 529-3850

**ATTORNEYS FOR DEFENDANT,
COVENANT HOUSE NEW ORLEANS**

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **HERMAN SMITH,** | * | **CIVIL ACTION NO. 04-CV-1777** |
| | * | |
|     **Plaintiff,** | * | |
| **VERSUS** | * | **JUDGE VANCE** |
| | * | |
| **COVENANT HOUSE** | * | **MAGISTRATE JUDGE WILKINSON** |
| | * | |
|     **Defendant.** | * | |
| | * | |

*************************************

### NOTICE OF HEARING

TO:   Edwin M. Shorty, Jr.
         Edwin M. Shorty, Jr. & Associates
         4116 Old Gentilly Road, Suite 101
         New Orleans, Louisiana 70126

PLEASE TAKE NOTICE that the undersigned will bring the attached Motion to Dismiss filed on behalf of Covenant House New Orleans before the Honorable Sarah S. Vance of the United States District Court for the Eastern District of Louisiana at 500 Poydras Street, New Orleans, Louisiana on April 13, 2005 at 10:00 a.m., or as soon thereafter as counsel may be heard.

Done this 29th day of March, 2005.

_____
EDWARD F. HAROLD, T.A.
Louisiana Bar No. 21672
A. KEVIN TROUTMAN
Louisiana Bar No. 27668
FISHER & PHILLIPS LLP
201 St. Charles Avenue, Suite 3710
New Orleans, Louisiana 70170
Telephone: (504) 522-3303
Facsimile: (504) 529-3850

**ATTORNEYS FOR DEFENDANT,
COVENANT HOUSE NEW ORLEANS**

# SEE RECORD FOR

# EXHIBITS

# OR

# ATTACHMENTS

# NOT SCANNED